LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| delfin bautista, on behalf of themself and all others similarly situated<br><br>              Plaintiff,<br>   v.<br><br>OHIO UNIVERSITY;<br><br><br>              Defendant. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Presiding Judge _____<br>Magistrate Judge _____<br><br>DEMAND FOR JURY TRIAL |

## I.    INTRODUCTION

Now Comes Plaintiff, delfin bautista ("bautista") by and through their Attorney, Michael L. Fradin, Attorney at Law, and brings this action against Defendant Ohio University ("OU") pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX").

## II.    PARTIES

### A.  Plaintiff

1.     Plaintiff deflin bautista is a trans/non-binary, queer, and Latinx resident of the state of Ohio (Plaintiff bautista uses they/them pronouns and the lowercase spelling of their

1

name). Plaintiff bautista was employed as the Director of the LGBT Center at Ohio University from June 2013 until their termination without cause in or around January, 2019.

2. At all times relevant herein, Plaintiff has been a citizen of the United States and a resident of Ohio.

3. At all times relevant herein, Plaintiff was an employee of Ohio University.

**Defendant**

4. Defendant Ohio University is a public educational institution located in Athens, Ohio. Defendant Ohio University received federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a) and is otherwise subject to Title IX.

5. At all relevant times, Ohio University was Plaintiff bautista's employer.

### III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

7. Defendant Ohio University is a resident of this district and the events giving rise to this lawsuit occurred in this district and so venue is proper pursuant to both 28 U.S.C. §1391 (b)(1) and 28 U.S.C. §1391 (b)(2).

### IV.   FACTS

8. Plaintiff bautista was employed as Ohio University's Director of the LGBT Center from June 2013 until January 2019.

9. Gigi Secuban is a female and resident of Athens, Ohio. At all times material hereto, Secuban was the Vice President of Ohio University's Division of Diversity and Inclusion. Secuban is still currently employed in this position by Defendant University.

10. In July 2018, Defendant Ohio University hired Secuban for the new position of Vice President for the Office of Diversity and Inclusion. The Vice President for the Office of

Diversity and Inclusion oversees the LGBT Center, the Multicultural Center, the Office of Multicultural Student Access and Retention (OSMAR), and the Women's Center.

11. Soon after Secuban was hired, she began singling out Plaintiff bautista and making Plaintiff bautista (as well as the wider LGBT Center) the target of discriminatory and disparate treatment.

12. Secuban ignored Plaintiff bautista and the LGBT Center except when there was an opportunity to chastise, castigate, intimidate, or discipline Plaintiff bautista.

13. Secuban consistently ignored and/or failed to respond to Plaintiff bautista's emails and attempts to set up meetings that dealt with pressing work matters, such as meetings regarding the new physical location of the LGBT Center.

14. Over a span of two months, Secuban visited the LGBT Center a mere three times. When Plaintiff bautista or other LGBT Center staff attempted to engage Secuban, Secuban would quickly leave and say she was just "popping in." Secuban rebuffed attempts to be introduced to students and staff in the LGBT Center.

15. When Plaintiff bautista asked other Directors in the Office of Diversity and Inclusion if they were subjected to surprise visits from Secuban, they informed Plaintiff bautista that they were not.

16. Secuban's visits to the LGBT Center were thinly veiled attempts to intimidate Plaintiff bautista, rather than a meaningful attempt at engagement with Plaintiff bautista or the LGBT Center.

17. Plaintiff bautista was the only director whose meetings with Secuban included the presence of an HR representative, Bill Fodor.

18. Plaintiff bautista was the only Director among the Diversity and Inclusion staff who was subjected to a full audit. Books, furniture, and other miscellaneous items were included in Plaintiff bautista's audit, while such items were not included in other Directors' audits.

19. Plaintiff bautista was the only Director among the Diversity and Inclusion staff whose audit included unscheduled visits from the audit team.

20. Secuban constantly mis-pronouned, mis-gendered, and dead-named Plaintiff bautista and other trans-identified students (both LGBT Center staff and non-staff) during her tenure as Vice President for the Office of Diversity and Inclusion while Plaintiff bautista was still the Director of the LGBT Center.

21. On or around September 25, 2018, Plaintiff bautista filed a discrimination complaint with Defendant Ohio University's Office of Equity and Civil Rights Compliance (ECRC) against Secuban.

22. The September 25, 2018 ECRC discrimination complaint outlined Secuban's disparate treatment of Plaintiff bautista compared to Secuban's treatment of other directors in the Office of Diversity and Inclusion.

23. On or around October 3, 2018, Plaintiff bautista filed a follow-up complaint with Defendant OU's ECRC about their experience with Secuban. The complaint stated that the discrimination and disparate treatment from Secuban had "become more intense."

24. Defendant OU was deliberately indifferent to the discrimination identified and reported to Defendant OU's ECRC by Plaintiff bautista.

25. On or around January 10, 2019, OU removed Plaintiff bautista as the Director of the LGBT Center.

26. OU, through Secuban, purposefully terminated Plaintiff bautista in an exceedingly unprofessional, demeaning, and humiliating fashion.

27. Plaintiff bautista arrived to work on January 10, 2019, to find their email address already deactivated and set up to send automated messages to anyone who contacted the email address.

28. Secuban laughed while she informed Plaintiff bautista of their termination from the position of Director of the LGBT Center.

29. Secuban could not, and failed to, offer a legitimate reason for Plaintiff bautista's removal. When Plaintiff bautista asked Secuban for some semblance of a reason for their termination, Secuban said that the Office of Diversity and Inclusion was moving in a different direction.

30. Secuban's inability to produce a legitimate reason for Plaintiff bautista's termination stems from the fact that Plaintiff bautista met or exceeded standards for every item on each of their performance evaluations they received dating back to 2014, and the fact that Plaintiff bautista's personnel file contained no disciplinary actions or records of any official investigations into their conduct initiated prior to their termination on January 10, 2019.

31. Even after Plaintiff bautista was terminated from the directorship of the LGBT Center, Secuban has continued her discriminatory treatment and retaliation against Plaintiff bautista. Following Plaintiff bautista's termination, an article was published in a local newspaper discussing Plaintiff bautista's positive work performance. The following day, an article was published regarding the audit and alleged misuse of funds. The issues stemming from the audit and alleged misuse of funds were never brought to Plaintiff bautista's attention by Secuban.

5

Furthermore, Plaintiff bautista never received a copy of the audit and was only able to obtain a copy of it through the aforementioned local newspaper.

### COUNT I
### Violation of Title IX
### (Deliberate Indifference Resulting in Hostile Work Environment)

32. Plaintiff bautista re-alleges all prior paragraphs of the Complaint as if set out here in full.

33. Defendant OU carries out one or more education programs or activities receiving Federal financial assistance within the meaning of Title IX, 20 U.S.C. §1681(a).

34. Secuban's relentless discrimination and disparate treatment of Plaintiff bautista created an environment in which Plaintiff bautista was patently and viscerally unsafe around Secuban and was based on Plaintiff's sexual orientation and/or gender identity.

35. Plaintiff bautista reported Secuban's behavior and its effects on them and the workings of the LGBT Center to Defendant OU's ECRC in September 2018, and then made a follow-up complaint in October 2018, noting that the situation had "become more intense." These complaints put Defendant University on notice of the hostile environment Secuban had created.

36. Defendant OU had a duty to adequately respond to the complaints of Plaintiff bautista against Secuban, to remedy the hostile work environment that resulted from Secuban's sexual orientation and/or gender identity-based harassment and to prevent additional harassment by Secuban.

37. Despite its duties, Defendant OU did not investigate the multiple complaints raised by Plaintiff bautista but instead disregarded and ignored them.

38. Defendant OU was deliberately indifferent to the repeated and consistent complaints raised by Plaintiff bautista regarding the hostile work environment engendered by

Secuban. The Defendant not only failed to appropriately address the discrimination, it also supported Secuban while discrediting and punishing Plaintiff bautista for complaining about Secuban's conduct.

39. Through its failures and mistreatment of Plaintiff bautista, Defendant OU contributed to and exacerbated the hostile environment engendered by Secuban's discriminatory behavior.

40. The hostile environment was based upon Plaintiff bautista's sexual orientation and/or gender identity and interfered with Plaintiff bautista's employment and ability to carry out their job duties.

## COUNT II
## Violation of Title IX
## (Retaliation)

41. Plaintiff bautista re-alleges all prior paragraphs of the Complaint as if set forth here in full.

42. Defendant OU carries out one or more education programs or activities receiving Federal financial assistance within the meaning of Title IX, 20 U.S.C. § 1681(a).

43. At all pertinent times, Plaintiff bautista was an employee or former employee of OU and, based upon their sexual orientation and/or gender identity, a member of a protected class.

44. Since 2018, when Plaintiff bautista became aware of their disparate and discriminatory treatment by Secuban, Plaintiff bautista has engaged in protected activities in opposition to unlawful and discriminatory practices committed by Secuban and based upon Plaintiff bautista's sexual orientation and/or gender identity.

45. Defendant OU was aware of Plaintiff bautista's engagement in protected activities.

46. As a direct result of, and in retaliation for, Plaintiff bautista's engagement in protected activities, Defendant OU engaged in a series of materially adverse employment actions against Plaintiff bautista, ultimately culminating in the termination of Plaintiff bautista's employment with OU.

### A. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff bautista respectfully demands judgment against Defendant and asks the Court for the following relief:

 a. Damages in amounts to be established at trial including but not limited to damages for past, present, and future emotional pain and suffering, ongoing and severe mental anguish, loss of past, present and future enjoyment of life, past, present, and future medical expenses, and lost earnings and earning capacity;
 b. Unpaid wages, including overtime wages, as to be determined at trial together with any liquidated damages allowed by law;
 c. Other compensatory damages;
 d. Injunctive relief as this Court deems necessary and proper;
 e. A declaratory judgment that Defendant violated Plaintiff bautista's Constitutional rights;
 f. Other injunctive relief to be determined at trial requiring Defendant OU to comply with federal law under Title IX;
 g. Pre- and post-judgment interest;
 h. Costs;
 i. Punitive damages;
 j. Attorney's fees pursuant to all relevant statutes and law; and
 k. Such other and further relief as the Court may deem just and proper.

### B. JURY DEMAND

Plaintiff bautista demands trial by jury on all counts of the Complaint.

DATED: October 9, 2020

Respectfully submitted,

s/ *Michael L. Fradin*
Attorney for Plaintiff
8 N, Court St. Suite 403
Athens, Ohio 45701
P: 847-986-5889
F: 847-673-1228
